UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES D. WALKER,

        Petitioner,

                            Case No. 2:08-cv-10199

v.

                            HONORABLE STEPHEN J. MURPHY, III

DEBRA SCUTT,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

James D. Walker, ("petitioner"), presently confined at the Oaks Correctional Facility in Eastlake, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  In his application, filed *pro se,* petitioner challenges his conviction for armed robbery, M.C.L. 750.529, and being a fourth-felony habitual offender, M.C.L. 769.12.  For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED**.

### I.  Background

Petitioner was convicted of the above offense following a jury trial in the Calhoun County Circuit Court.  Petitioner was sentenced to thirty five to sixty years in prison.  This

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Cotton Correctional Facility.  Since filing his application for habeas relief, petitioner has been transferred to the Oaks Correctional Facility.  The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.  Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Cindi S. Curtin, the warden of Straits Correctional Facility, the current location of petitioner.  However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> At approximately 10:45 p.m. on September 18, 2004, a man walked into the Citgo gas station in Marshall, Michigan, and purchased a candy bar. The man returned to the gas station at 11:30 p.m., grabbed another candy bar, and brought it to the counter. He gave the cashier, Bethany Tucker, change for the candy bar. Before Tucker could close the drawer the man reached over the counter and grabbed the drawer. As Tucker repeatedly slammed the man's hand in the drawer, the man reached into his sweatshirt and pulled out a knife. The man grabbed four $20 bills from the drawer before running out of the gas station. He left the candy bar sitting on the counter. The robbery was videotaped by the gas station's video surveillance system. No fingerprints were recovered from either the candy bar or the cash register drawer.
>
> The morning after the robbery, Tucker met with Sergeant Steve Eddy to compile a composite drawing of the man who perpetrated the robbery. Tucker rated the accuracy of the composite drawing a six or a seven on a scale of one to ten. She indicated that the perpetrator's ears were larger than the ears in the composite drawing and that the perpetrator's mustache was much thicker than it appeared in the drawing.
>
> Tucker viewed a photographic lineup consisting of eight men on September 22, 2004. Defendant was designated as number 8 in the lineup. Tucker indicated that the men designated as numbers seven and eight resembled the perpetrator, but that the man designated as number seven looked more like the perpetrator. Tucker viewed a custodial lineup on December 9, 2004. The custodial lineup included defendant but did not include the man designated as number seven in the photographic lineup. Tucker identified defendant as the perpetrator. She identified defendant as the perpetrator because of "[t]he way he looked, his eyes."
>
> Deputy Chief Bruce Elzinga testified that he had frequent contact with defendant since defendant was a child. Elzinga viewed the videotape of the robbery and recognized the perpetrator's voice and hand movements as defendant's. Elzinga believed that defendant was the perpetrator. Sergeant Scott McDonald, who had prior contacts with defendant over the past eight to nine years, also viewed the videotape of the robbery. He recognized defendant as the perpetrator. Mary Leach, who dated defendant for two years, also viewed the videotape of the robbery and recognized defendant as the perpetrator. She noted that the perpetrator wore a black ring on his

left hand. Leach indicated that defendant always wore a black ring on his left ring finger. Kayla Leach Bramble, who had known defendant for three months, also viewed the videotape and recognized defendant as the perpetrator.

McDonald interviewed defendant on October 11, 2004. After waiving his *Miranda* rights, defendant told McDonald that he purchased a candy bar at the Citgo gas station on the evening of September 18, 2004. When asked whether he purchased the candy bar during the first visit or the second visit to the gas station, defendant stated that he was not going to "confess anything." McDonald drove defendant to and from Jackson, Michigan, for an interview on January 10, 2005. Defendant initiated conversation about the robbery during both legs of the trip. He denied any involvement in the robbery and indicated that his son and another man, Chris Weiss, committed the robbery.

Defendant testified that he was not the person seen in the videotape of the robbery and that he did not visit the Citgo gas station on September 18, 2004. He indicated that he told McDonald that he purchased a candy bar at the gas station in an effort to protect his son, whom defendant described as looking like his identical twin. Defendant indicated he had only seen Elzinga twice in the past 20 years, and not since defendant was a child.

*People v. Walker,* No. 263440, * 1-2 (Mich.Ct.App. December 21, 2006).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 479 Mich. 860; 735 N.W. 2d 272 (2007).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant-Appellant's conviction should be reversed because there was insufficient evidence to find for the conviction.

II. Mr. Walker must be resentenced because the 35 to 60 year sentence violates *People v. Moore* and is cruel and unusual punishment.

III. Mr. Walker's sentence of 35 to 60 years imprisonment for the crime for which he was convicted, enhanced pursuant to the Habitual Offender statutes, [is] disproportionate to this offender and an abuse of sentencing discretion.

IV. Defense counsel was constitutionally ineffective for (A) his failure to investigate the defendant's assertions as to key prosecution witnesses, (B) failing to move to suppress the defendant's statements to the police,

and (C) for his failure to present mitigating evidence at sentencing.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

**A. Claim # 1. The insufficiency of evidence claim.**

Petitioner first claims that there was insufficient evidence presented at trial to establish his identity as the perpetrator of the armed robbery.

The Michigan Court of Appeals rejected petitioner's sufficiency of evidence claim, finding that there was sufficient evidence presented to establish petitioner's identity as the perpetrator:

> In the present case, four separate individuals identified defendant as the perpetrator of the armed robbery at the Citgo gas station on September 28, 2004. Tucker identified defendant at the custodial lineup, while Leach, Leach Bramble, and McDonald identified defendant after watching the videotape of the robbery. In addition, Tucker testified that the perpetrator purchased a candy bar at the gas station approximately 45 minutes before robbing the gas station. Defendant admitted to McDonald that he purchased a candy bar at the gas station the night of the robbery. Further, defendant was present in the courtroom throughout trial. The jury was able to view the videotape of the robbery as well as still prints taken from the videotape to compare defendant's appearance to the likeness of the perpetrator. Viewing the evidence in a light most favorable to the prosecution, the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that defendant was the perpetrator of the armed robbery.
> *Walker,* Slip. Op. at * 2-3.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas

proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

Petitioner claims that there was insufficient evidence to establish that his identity as the perpetrator. The weight to be given to an in-court identification of a defendant is a question properly left for the jury. *See United States v. Briggs,* 700 F. 2d 408, 414 (7th Cir. 1983); *See also Huber v. Schriver*, 140 F. Supp. 2d 265, 277 (E.D.N.Y. 2001). "The trier of fact must assess any inconsistencies in determining the weight that should be accorded the identification." *United States v. Goodman,* 797 F. 2d 468, 471 (7th Cir. 1986). In addition, the identity of a defendant can be inferred through circumstantial evidence. *Dell,* 194 F. Supp. 2d at 647.

In the present case, the victim positively identified petitioner at trial as being her assailant. The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable

6

doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-45 (6th Cir. 1985); *See also Griffin v. Berghuis,* 298 F. Supp. 2d 663, 669 (E.D. Mich. 2004). The victim's testimony that petitioner robbed her at knifepoint, if believed, would be sufficient to establish petitioner's identity as the assailant. *See United States v. McCoy,* 848 F. 2d 743, 746 (6th Cir. 1988); *Lovely,* 337 F. Supp. 2d at 977.

Moreover, several witnesses who knew petitioner viewed a videotape of the robbery from the gas station's surveillance camera and positively identified petitioner as being the perpetrator of the robbery. The fact that several persons who knew petitioner positively identified him as the perpetrator after viewing the videotape of the robbery further supports a the jury's conclusion that petitioner was the person who committed the armed robbery. *See United States v. Cork,* 69 Fed. Appx. 733, 737 (6th Cir. 2003); *U.S. v. Johnson,* 114 F. 3d 808, 813 (8th Cir. 1997); *Lovely,* 337 F. Supp. 2d at 977.

Finally, the actual videotape of the robbery, as well as still photographs of that videotape, were introduced into evidence at trial and the jurors were able to compare petitioner's appearance with the perpetrator. In light of the fact that the actual videotape and photographs of the robbery were introduced at trial, the jurors were able to compare the images of the perpetrator from the gas station's surveillance camera with petitioner and therefore had a sufficient basis from which to conclude that petitioner was the person who committed the armed robbery. *See McCoy,* 848 F. 2d at 743; *See also U.S. v. Bridgefourth,* 538 F. 2d 1251, 1253 (6th Cir. 1976).

To the extent that petitioner challenges the witnesses' credibility, he would not be entitled to habeas relief. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has

been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "Determination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review." *Alder,* 240 F. Supp. 2d at 661. "[A]ttacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence." *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002) (*citing United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Because there was sufficient evidence presented at trial for a rational trier of fact to conclude beyond a reasonable doubt that petitioner was the perpetrator of the crime, petitioner is not entitled to habeas relief on his first claim. *Dell v. Straub,* 194 F. Supp. 2d at 648.

**B.  Claims # 2 and # 3.  The sentencing claims.**

The Court will consolidate petitioner's second and third claims because they are interrelated. [2]

Petitioner contends that his sentence of thirty five to sixty years in prison is cruel

---

[2] Respondent contends that petitioner's second and third claims should be procedurally barred from habeas review, because petitioner failed to properly preserve these claims at the trial court level. It is not clear, however, whether Michigan law requires a defendant to preserve a claim that his sentence was cruel and unusual or disproportionate by objecting at trial. See e.g. *People v. Cain*, 238 Mich. App. 95, 129; 605 N.W. 2d 28 (1999). Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1089 (E.D. Mich. 2004)(*quoting Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999). In this case, because "the procedural default issue raises more questions than the case on the merits", this Court will assume, for the sake of resolving the claims, that there is no procedural default by petitioner and will decide the merits of these claims. *Id.*

and unusual punishment and disproportionate, because it fails to take into account petitioner's rehabilitative potential or the fact that the minimum sentence may exceed his life expectancy.

This Court initially notes that petitioner's sentence of thirty five to sixty years was within the statutory limits under Michigan law for armed robbery and being a fourth felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See Seeger v. Straub*, 29 F. Supp.

9

2d 385, 392 (E.D. Mich. 1998); *See also Brewster v. Kirby,* 954 F. Supp. 1155, 1160 (N.D. W. Va. 1997). Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

Petitioner further claims that the trial court judge failed to consider petitioner's rehabilitative potential when fashioning his sentence. Petitioner's claim that his sentence was excessive because the trial court did not consider the possibility of rehabilitation does not present a federal constitutional issue where the sentence was within the range prescribed by state law. *See Reynolds v. Artuz,* No. 2003 WL 168657, * 4 (S.D.N.Y. January 23, 2003).

Petitioner's related claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted, because "the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases." *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)); *See also Engle v. United States,* 26 Fed. Appx. 394, 397 (6th Cir. 2001)(Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases). Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Finally, the mere fact that the minimum sentence of thirty five years may exceed petitioner's life expectancy does not render petitioner's sentence invalid. In rejecting a similar claim in a direct appeal from a federal criminal conviction, the Sixth Circuit has

noted that "[T]he Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." *United States v. Beverly,* 369 F. 3d 516, 537 (6th Cir. 2004)(citing *Harmelin,* 501 U.S. at 996)(holding that sentence of 71 ½ years, imposed on defendant who drove getaway car in four bank robberies and provided false identification documents, was not cruel and unusual punishment, even though defendant had no prior record and supplied critical information to FBI). Petitioner is not entitled to habeas relief on his second and third claims.

### C. Claim # 4. The ineffective assistance of counsel claims.

Petitioner lastly contends that he was deprived of the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. A petitioner is entitled to habeas relief on his or ineffective assistance of counsel claim if he or she can satisfy both prongs of the *Strickland* test. *See Hall v. Vasbinder,* 551 F.Supp.2d 652, 672 (E.D. Mich. 2008).

Petitioner first claims that his counsel was ineffective for failing to "investigate his assertions as to key prosecution witnesses." As the Michigan Court of Appeals indicated in rejecting petitioner's claim, petitioner has failed to identify the alleged assertions that his

11

counsel failed to investigate concerning the prosecution's witnesses. "Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief." *Malcum v. Burt,* 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003)(*citing Reedus v. Stegall,* 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001)). Likewise, a habeas petitioner's conclusory allegation that his attorney failed to adequately present a defense, without specifying what more his attorney could have done to strengthen his defense, is insufficient to establish ineffective assistance of counsel. *Campbell v. Grayson,* 207 F. Supp. 2d 589, 598 (E.D. Mich. 2002). Because petitioner has failed to specify, either to the state courts or to this Court, the precise allegations that should have been investigated by counsel, he is not entitled to habeas relief on this portion of his claim. [3]

Petitioner next contends that his trial counsel was ineffective for failing to move for the suppression of his statement to the police.

Petitioner initially claims that trial counsel should have moved for suppression of his statement to the police, because the police failed to record the interrogation. Neither federal law nor Michigan law requires that police interrogations of suspects must be audio or viodetaped. *See Brown v. McKee,* 231 Fed. Appx. 469, 475 (6th Cir. 2007); *Crenshaw v. Renico,* 261 F. Supp. 2d 826, 837 (E.D. Mich. 2003); *People v. Fikes,* 228 Mich. App. 178; 183-86; 577 N.W. 2d 903 (1998). In light of the fact that the failure by the police to record petitioner's interrogation provided no basis to exclude his statement, counsel was not ineffective for failing to move for the suppression of the statement on this basis. *Brown,*

---

[3] Because this claim is wholly conclusory and without merit, it is unnecessary for the Court to address whether this claim is procedurally defaulted. *Johnson,* 344 F. Supp. 2d at 1089.

231 Fed. Appx. at 475.

Petitioner further contends that his counsel was ineffective for failing to move to suppress his statement, because it was not voluntarily made. The Michigan Court of Appeals rejected petitioner's claim, because there was no evidence to support that petitioner's statement was involuntary, in light of the fact that petitioner had significant experience with the criminal justice system, was advised of his *Miranda* rights before each interview, and that petitioner agreed to speak with the police to protect his friend, Tammy Elkins. *Walker,* Slip. Op. at * 4.

Counsel's failure to make a pre-trial motion to determine the voluntariness of petitioner's confession was not constitutionally ineffective assistance of counsel, in light of the state appellate court factual determination, which is presumed correct on habeas review, that the confession was, in fact, voluntary. *See Brown v. Lockhart,* 781 F. 2d 654, 658 (8th Cir. 1986); *See also Meade v. Lavigne,* 265 F. Supp. 2d 849, 865-66 (E.D. Mich. 2003). Moreover, assuming that counsel was deficient for failing to move for the suppression of petitioner's statement, petitioner was not prejudiced by such failure, in light of the overwhelming evidence of guilt against him in this case, apart from petitioner's statement to the police. *Id.*

Petitioner lastly contends that counsel was ineffective for failing to present witnesses who could have offered mitigating evidence on his behalf at sentencing. At least in the context of a capital case, the failure by counsel to present mitigating evidence at sentencing constitutes ineffective assistance of counsel. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 734 (E.D. Mich. 2002)(*citing to Skaggs v. Parker,* 235 F. 3d 261, 269 (6th Cir. 2000)).

13

The Michigan Court of Appeals rejected this claim, because petitioner failed to identify these individuals or the substance of their testimony. *Walker,* Slip. Op. at * 4.

In the context of presenting mitigating evidence at sentencing, there is an insufficient showing of prejudice, so as to establish an ineffective assistance of counsel claim, where "one is left with pure speculation on whether the outcome of the trial or the penalty phase could have been any different."*Slaughter v. Parker*, 450 F.3d 224, 234 (6th Cir. 2006)(*quoting Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)).  Because petitioner has failed to identify the persons whom trial counsel should have called to speak on his behalf at sentencing or the substance of their proposed testimony, petitioner is unable to establish that he was prejudiced by counsel's failure to present mitigating evidence on his behalf at sentencing.  Petitioner is not entitled to habeas relief on his final claim.

### D.  A Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v.*

*Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long,* 450 F. Supp. 2d at 755. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## IV. CONCLUSION

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus [docket entry 1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

SO ORDERED.

        s/Stephen J. Murphy, III  
        STEPHEN J. MURPHY, III  
        United States District Judge

Dated:  April 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer  
        Case Manager